# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5020 | **DATE** | 12/13/2001 |
| **CASE TITLE** | Conseco Life Insurance Co. vs. Reliance Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion [44-1] of Reliance Insurance Company to transfer venue of this case to the United States District Court for the Northern District of Texas-Dallas Division. This case is hereby terminated, and all other pending motions [29-1], [38-1], [59-1], [60-1], [62-1], [64-1] are deemed moot by this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 17 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSECO LIFE INSURANCE CO., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> RELIANCE INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ------------------------------------------------- ) <br> ) <br> RELIANCE INSURANCE COMPANY, ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> CONSECO LIFE INSURANCE CO., AND ) <br> NATIONAL ACCIDENT INSURANCE ) <br> UNDERWRITERS, INC. ) <br> Counterdefendants ) | Case No. 99 C 5020 <br><br> District Judge Wayne R. Andersen <br><br><br><br><br><br> DOCKETED <br> DEC 1 7 2001 |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of Defendant, Reliance Insurance Company to transfer venue of this case to the United States District Court for the Northern District of Texas - Dallas Division pursuant to 28 U.S.C. 1404(a). For the following reasons, we grant the motion to transfer venue.

### BACKGROUND

I. The Litigation

This litigation arises out of a dispute concerning an accident insurance policy issued by Philadelphia Life Insurance Company ("Philadelphia Life") to Reliance on behalf of Breckenridge

Enterprises, Inc. and AMS Construction Company, Inc. ("Breckenridge/AMS"). Philadelphia Life later merged into Conseco Life Insurance Company ("Conseco"), which is its successor in interest. Reliance was the worker's compensation carrier for Breckenridge/AMS. The Philadelphia Life policy reimbursed Reliance for certain benefits Reliance paid to injured workers pursuant to workers' compensation policies issued to Breckenridge/AMS.

Conseco filed this lawsuit to recover the last two months of premiums it contended were due on the Philadelphia Life policy and for an audit of the workers' compensation claims. Before Reliance filed its answer, Reliance paid the insurance premiums that were due, and the requested audit was allowed. The complaint has never been amended, so the underlying complaint currently presents no justiciable issue for this Court to resolve. On September 4, 2001, Reliance filed its counterclaim and third party complaint against Conseco and National Accident Insurance Underwriters, Inc. ("NAIU"), an underwriter who sold and issued the subject Philadelphia Life policy.

The only remaining issues in this case are the allegations of the counterclaim and third party complaint, which involve Conseco's alleged failure to reimburse Reliance for workers' compensation claims due and owing under the Philadelphia Life policy. The counterclaim and third party complaint alleges, inter alia, breach of contract against Conseco and fraud against NAIU for alleged improprieties in issuing the policy.

A case involving nearly identical factual and legal issues was filed on February 1, 2001 in the United States District Court for the Northern District of Texas - Dallas Division. That case is styled <u>Breckenridge Enterprises, Inc. and AMS Construction Company, Inc. v. Philadelphia Life Insurance Company, Conseco Life Insurance Co. and National Accident Insurance Underwriters,</u>

Inc., and bears case no. 3-01CV0562-P (the "Texas case"). In the Texas case, Breckenridge/AMS filed an action against Conseco, Philadelphia Life and NAIU (collectively the "Texas Defendants").

The Texas case seeks reimbursement, under the terms of the Philadelphia Life policy and all amendments to it, for workers' compensation claims paid and further alleges that Conseco and its agents engaged in improprieties in issuing the Philadelphia Life policy and in refusing to pay claims that are due under that policy. The Texas lawsuit asserts causes of action arising from violations of the Texas Insurance Code, breach of contract and fraud. Thus, it is undisputed that there are currently two separate lawsuits pending in Illinois and Texas addressing the dispute which has arisen under the accident policy issued by Philadelphia Life. Both sides agree that the two cases arise from the same transaction or occurrence and share common questions of law and fact.

On October 3, 2001, Reliance was placed into liquidation by the Commonwealth of Pennsylvania. The Liquidator for Reliance has ordered all claims files transferred to the Guaranty Associations of the states where the claims were made. The vast majority of the workers' compensation claims involved in this case were in Texas, so most of the claim files will be located in Texas.

II. Factual Background

On or about January 1, 1997, three insurance companies entered into an agreement with each other and NAIU to form "National Accident Insurance Group" ("NAIG"). NAIU was designated the agent and managing general underwriter for all NAIG member insurance companies. NAIU was given authority to underwrite, bind, issue, deliver insurance policies, collect insurance premiums, adjust claims and secure reinsurance. Philadelphia Life was one of the member insurance companies in NAIG.

3

At all relevant times, NAIU had offices located in Arlington Heights, Illinois and Dallas, Texas. Bob Carter, was a vice president of marketing and worked at the Illinois office. Deborah Lloyd was a regional sales representative who worked at the Texas office. NAIU developed a marketing strategy designed to target and sell Breckenridge/AMS an insurance policy. Bob Carter instructed Deborah Lloyd to locate the insurance broker for Breckenridge/AMS to sell them an insurance policy.

Breckenridge and AMS are Texas corporations that provide staff leasing services to client companies. Dallas, Texas is the home office and principal place of business of both Breckenridge and AMS. Breckenridge, AMS and their affiliated entities had more than 10,000 employees when the Philadelphia Life policy was in effect. At all times material to this transaction, R.J. Hanafin Bates & Associates, Inc. ("HBA") was Breckenridge/AMS' insurance broker who was responsible for securing insurance coverage. HBA's principal place of business is located in Dallas, Texas. HBA was the insurance broker that was involved when Breckenridge, AMS and their affiliated entities purchased the workers' compensation insurance at issue. Ms. Lloyd, Bob Carter and HBA representatives met in Dallas, Texas to negotiate the insurance coverage.

NAIU, as managing general agent for Philadelphia Life, created a policy that reimbursed Reliance for losses between $1,000.00 and $100,000.00 for each injured employee for three years. NAIU allegedly issued the Philadelphia Life policy with the understanding that it would serve as reinsurance for workers' compensation coverage. NAIU was paid premiums by both Breckenridge/AMS and Reliance, at the rate of $14.00 per employee per month based on a minimum of 10,000 employees. Most of the pertinent negotiations regarding the sale and purchase of the insurance policy were conducted by NAIU's Texas representative, Deborah Lloyd, and HBA in

4

Dallas, Texas. Reliance's underwriter, Cindy Burks, who handled negotiations for Reliance was located in Philadelphia, Pennsylvania. Ms. Burks never came to Illinois to negotiate the Philadelphia Life policy, but she went to Dallas several times for this purpose including a meeting at which Deborah Lloyd was present.

## DISCUSSION

### I. Standard Governing Motions to Transfer Venue

Motions to transfer venue are governed by 28 U.S.C. §1404(a). Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. §1404(a). "The purpose of this provision is to 'prevent avoidable waste of time, energy and money, as well as to protect parties, witnesses and the public against inconvenience and expense'." Countryman v. Stein Roe & Farnham, 681 F.Supp. 479, 481 (N.D.Ill.1987); citing Hess v. Gray, 85 F.R.D. 15, 23 (N.D.Ill. 1979). The decision is within the Court's sound discretion. Countryman, 681 F.Supp. at 482. "Less of a showing of inconvenience is needed for a §1404(a) transfer than that for a *forum non conveniens* dismissal." Coffey v. Van Dan Ironworks, 796 F.2d 217, 220 (7th Cir. 1986) citing Piper Aircraft v. Reyno, 454 U.S. 235, 253 (1981) and Norwood v. Kirkpatrick, 347 U.S. 29, 32 (1955).

Transfer under § 1404(a) is appropriate if: (1) venue is proper in the transferor court; (2) venue is proper in the transferee district; and (3) transfer will serve the convenience of parties and witnesses and the interest of justice. Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D.Ill.1995). In this case, the first two elements are not in dispute, as venue is proper both in this Court and in the Texas Court. All of the Texas defendants, including Conseco, have appeared in the Texas case and filed motions to dismiss, which the U.S. District Judge in Dallas has already denied.

5

The only inquiry is whether transfer would be in the interest of justice and further the convenience of parties and witnesses.

II. Interest Of Justice

The "interest of justice" factor sometimes may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986). Thus, many courts address the "interest of justice" component in the first instance.

The "interest of justice" analysis relates to the "efficient functioning of the courts, not to the merits of the underlying dispute." Coffey, 796 F.2d at 221. Factors traditionally considered in an "interest of justice" analysis include: (1) the existence of related litigation pending in another district; (2) the district where the litigants are most likely to receive a speedy trial; (3) the district most familiar with applicable law; (4) the district which could best apply community standards; (5) a district where consolidation is feasible; and (6) the local interest in having localized controversies decided at home. Coffey, 796 F.2d at 221. See also Gulf Oil v. Gilbert, 330 U.S. 501, 509 (1947). Application of these standards to this case compels the conclusion that the "interest of justice" supports the transfer of this case to Texas.

Conseco argues that the interests of justice mandate that this case remain in Illinois because Reliance should have filed a motion for change of venue earlier in the litigation. However, we believe that a transfer at this time is appropriate. When this action was initiated, it appeared to be a staightforward contract action between Conseco and Reliance. At that time, the only real issue concerned the terms and conditions of the contract. However, with the payment of the premiums due, the underlying contract action has been resolved.

6

Reliance then filed its counterclaim and third party complaint alleging fraud and other new causes of action. Reliance filed its counterclaim on September 4, 2001, as soon as it completed its investigation into the alleged fraud. Reliance then moved to transfer venue on October 10, 2001. Therefore, we do not believe that there has been an extraordinary delay in filing the motion to transfer venue so as to impede the interests of justice. No trial schedule has been set in this court, and there will be no appreciable delay in the disposition of the issues presented. Moreover, the expense of the litigation will not be greatly increased because the same issues have been pending in the Texas court since February, and all parties involved are already represented in the Texas case.

This case and the Texas case involve nearly identical facts. Both cases involve the same policy of insurance and seek payment of claims that allegedly have not been paid by Conseco under that policy. That a similar action is pending in Texas is an important factor to consider. Countryman, 681 F.Supp. at 484. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. Barge FBL-585 et al., 364 U.S. 19, 26 (1960).

When a case is transferred to a district in which a related case is pending, the expectation is that the two cases will be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, if practicable. Waller v. Burlington Northern R. Co., 650 F.Supp. 988, 991 (N.D.Ill. 1987). Consolidation of the cases conserves scarce judicial resources and reduces the resources ultimately expended by the litigants. Keppen v. Burlington Northern R. Co., 749 F.Supp., 181, 183 (N.D.Ill. 1990). The court should not countenance the simultaneous litigation of essentially identical

claims in two federal courts. See Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co., 892 F.2d 566, 573 (7th Cir. 1989).

The transfer of venue of this case would also serve the purpose of avoiding the possibility of inconsistent judgments. See Countryman, 681 F.Supp. at 484. Thus, the Northern District of Illinois has a "strong policy in favor of transferring a case to a district where a related action is pending." Keppen v. Burlington Northern R. Co., 749 F.Supp. 181, 184 (N.D.Ill. 1990). (Citations omitted.)

Texas has a special interest in keeping the entire litigation in that state because the vast majority of injured workers reside there. Moreover, the claims documentation, including relevant medical and insurance documents, are located in Texas and Louisiana. The fact that a great number of pertinent documents will be found in the transferee district itself or within the same state, weighs in favor of transfer. Countryman, 681 F.Supp. at 485; Waites v. First Energy Leasing Corp., 605 F.Supp. 219, 223 (N.D. Ill. 1985).

In sum, the "interest of justice" factor weighs in favor of the transfer of this case to the United States District Court for the Northern District of Texas–Dallas Division where it can be consolidated with the related case pending in that jurisdiction. Such a transfer would conserve judicial and party resources, permit the application of community standards by the trier of fact, better serve Texas' unique interests in the case, and allow a court based in Texas to interpret the claims based upon Texas statutory violations.

III. Convenience Of The Parties And Witnesses

In evaluating the fairness and convenience of transfer under § 1404(a), the Court should also consider the private interests of the parties. The relevant factors include: (1) plaintiff's choice of

forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum including the court's power to compel the attendance of unwilling witnesses at trial and the cost of obtaining the attendance of witness; and (4) convenience to the parties - specifically, their respective residences and abilities to bear the expense of trial in a particular forum. Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995); 15 Wright, Miller & Cooper, Federal Practice §§ 3849-53 (1986).

The plaintiff's choice of forum factor has diminished in significance since the enactment of §1404(a). Van Holdt, 887 F.Supp. at 188. This is especially true when "the plaintiff is a non-resident of the chosen forum ... or where the cause of action did not conclusively arise in the chosen forum." Countryman, 681 F.Supp. at 482. Finally, "the fact that the movant filed its suit after the non-movant is not a dispositive factor in this District." Countryman, 681 F.Supp. at 484.

In this case, Conseco is not a resident of Illinois, and Conseco is already a party in the Texas case. Furthermore, the relief sought by Conseco in this matter has already been satisfied leaving Reliance's counterclaim and third-party complaint as the only viable causes of action in this forum. Reliance's counterclaim, was filed in this Court because that was required by Rule 13 of the Federal Rules of Civil Procedure. For these reasons, plaintiff's choice of forum is not a determinative factor in our decision.

The "situs of the material events" is in Texas. Conseco/Philadelphia Life's agents approached Breckenridge/AMS in Dallas, Texas for the purpose of obtaining Breckenridge/AMS' business. The insurance policy at issue was sold, in part, for the benefit of two Texas corporations, Breckenridge and AMS. The insurance representatives that negotiated the transaction are Texas residents. No representatives of Breckenridge/AMS or Reliance went to Illinois to negotiate the

9

purchase of the insurance policy at issue in this case. Thus, virtually all of the critical negotiations and representations regarding the sale of the policy and the alleged fraud took place in Texas.

The initial policy expressly applies to reinsuring losses arising from "Texas based eligible employees", and the vast majority of injured workers reside in Texas. The vast majority of these accidents occurred in Texas. Moreover, since the liquidation of Reliance, the vast majority of claims files will now be managed in Texas by the Texas Guaranty Association. For all of these reasons, we find that the "situs of the material events" is in Texas.

The convenience to the parties factor also favors a transfer. Conseco is not a resident of the State of Illinois, its forum of choice. Conseco is incorporated in Indiana and its principal place of business is in Indiana. Moreover, Conseco is already a party in the Texas case and has retained counsel both in Illinois and Texas. Reliance is a Pennsylvania corporation, and its principal place of business is in Pennsylvania. Breckenridge and AMS are both Texas corporations, with their principal place of business in Texas. Therefore, although there is no overwhelmingly convenient forum for all parties, the convenience of the parties factor favors a transfer to Texas by a slim margin.

Another factor to consider is the convenience of witnesses. Countryman, 681 F.Supp. at 483. In this regard, there are many witnesses in this case which reside both in Texas and Illinois. However, most of the witnesses to the negotiations that occurred in Texas are residents of Texas. The principals of Breckenridge/AMS are residents of Texas. The "Texas-based employees" referenced in the Philadelphia Life policy obviously are residents of Texas. Moreover, Deborah Lloyd (the agent that negotiated the policy on behalf of Conseco/Philadelphia Life/NAIU) and Eugene Eisenmann, Jr. (the brokers for Breckenridge/AMS) are residents of Texas. John Marston,

one of the brokers for the Philadelphia Life policy, is a resident of Texas. Thus, the convenience of the witnesses also favors a transfer of this case to Texas.

In sum, the convenience of the parties and witnesses and the ease of access to sources of proof all favor a transfer of this case to Texas. This is particularly true since, as in <u>Ellis Corporation v. Team Textile Corporation</u>, 574 F.Supp. 170, 174 (N.D. Ill. 1983), this district, while technically a proper venue, has little actual connection with the cause of action.

## CONCLUSION

For the foregoing reasons, we grant the motion of Reliance Insurance Company to transfer venue of this case to the United States District Court for the Northern District of Texas–Dallas Division. This case is hereby terminated, and all other pending motions are deemed moot by this Order.

                                                    Wayne R. Andersen
                                                    United States District Judge

Dated: December 13, 2001